■ In the Matter of the Claim of HERMAN L. DANIELS, Respondent, against B. G. COSTICK & SON et al., Appellants, and FRANK S. GOTTRY & SON et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employers Costick and their insurance carrier from a decision and award of the Workmen's Compensation Board which held said employers partly responsible for an award of disability compensation to claimant. Claimant sustained an undisputed accident, resulting in a back injury, on May 18, 1948, while employed by respondents Gottry. The Workmen's Compensation Board has found that while claimant was employed by another employer, the appellants Costick, he suffered a second accident on July 2, 1949, when he suddenly applied the brake of a heavy truck and felt a sharp pain and a catch in the lower right side of his back, with pain radiating down his right leg and " sustained accidental injuries in the nature of a right low back strain." Following this accident, which appellants contest, claimant underwent operative procedure for the removal of an intervertebral disc on August 25, 1949. The board has found that the operation and resulting disability were due to both the first accident of May 18, 1948 and the second accident of July 2, 1949, and has apportioned the award equally against the two employers and carriers. A third accident which resulted in an award attributable equally to all three employers is not in question on this appeal. Appellants' first contention is that claimant suffered no second " accident " on July 2, 1949, within the meaning of the Workmen's Compensation Law, and that the equal apportionment of the award is not justified. This contention is based largely upon oral assertions of claimant's attorney, at hearings, that claimant did not claim a second accident. However, claimant did eventually file a claim and gave testimony, which, coupled with medical testimony of the causal relation of the two accidents to the disability, adequately supports the board's findings. Claimant did not file a formal written claim for the accident of July 2, 1949, until July 7, 1952, more than two years after the accident. Appellants' second contention is that the board was in error in holding that they were not prejudiced by this delay and that they waived the formal requirements of section 28 of the Workmen's Compensation Law. It is undisputed in the record that on March 22, 1951 (within the two-year period), appellants were represented at a hearing, upon notice, and had full knowledge of an oral claim, and orally controverted the claim on other grounds, without raising the objection that no written claim had been filed. While it may be true that an objection to the lack of a written claim at that time might have resulted in supplying the omission within the two-year period, the voluntary litigation of other issues, with full knowledge of the oral claim could be construed by the board as a voluntary waiver of the technical requirement of a written claim. Decision and award affirmed, with costs to the employer and the carrier. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.