No. 21726.

COLORADO AUTO BODY, INC., ET AL. *v.*
LAWRENCE C. NEWTON, ET AL.
(414 P.2d 480)

Decided May 23, 1966.

114

HAROLD CLARK THOMPSON, ALIOUS ROCKETT, FRED B. DUDLEY, for plaintiffs in error Colorado Auto Body, Inc., and State Compensation Insurance Fund.

FUGATE & MITCHEM, DARRELL J. SKELTON, for defendant in error Lawrence C. Newton.

MARGARET R. BATES, for defendants in error Ryder Truck Rental, Inc., and Continental Casualty Company.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THE defendant, Lawrence C. Newton, to whom we will refer as the claimant, was awarded compensation for temporary total disability by the Industrial Commission, hereinafter denominated the Commission. The Colorado Auto Body, Inc., to whom we will refer as Auto Body, and its insurer, State Compensation Insurance Fund, hereinafter called the Fund, bring writ of error to the judgment of the district court affirming the award of the Commission. Other defendants in error are the Ryder Truck Rental, Inc., and their insurance carrier Continental Casualty Company. They will be referred to as Ryder and Continental, respectively.

The facts which are necessary for an understanding of the assignments of error are as follows:

In February, 1959, claimant was employed by Ryder and sustained an injury to his back, for which he claimed and received an award for temporary total dis-

ability for approximately 25 weeks. Ryder filed a general admission of liability on this accident. In August, 1959, it was determined that claimant had no permanent disability as a result of the accident and that he was able to return to work. Thereafter, claimant left Ryder's employment and obtained and lost four different jobs before finally obtaining employment with Auto Body in February, 1962. Claimant testified that he had been experiencing difficulty with his back since leaving Ryder's employment and that the dismissals or resignations from all of the jobs he had held were traceable to his back injury.

Claimant's work with Auto Body involved polishing cars. He testified that from February, 1962, until November 12, 1962 — the date on which the present award was based — he had experienced back trouble which required him to absent himself from work intermittently. On November 12th claimant stooped to pick up a buffer — a polishing machine weighing about 20 pounds — when he was seized with such severe and acute pains in his back that he was unable to stand erect. As a result, he was taken to a hospital, given emergency treatment and then released. He thereafter stayed at home for several days resting and taking "pain pills." When he returned to Auto Body to report back to work he was informed that some other person had been hired in his place.

In February, 1963, claimant filed a petition with the Industrial Commission to reopen his claim against Ryder and Continental under the provisions of C.R.S. 1963, 81-14-19, on the ground that his back condition had become worse. The Commission granted his petition, reopened the case and held a hearing on March 21, 1963. At the hearing, claimant related the occurrence of attempting to pick up the buffer while working for Auto Body on November 12, 1962. Counsel for Ryder and Continental thereupon filed a motion before the referee that Auto Body and the Fund be joined as party re-

spondents in the proceeding. The motion was taken under advisement. Subsequently the referee entered a supplemental order on April 24, 1963, which in pertinent part provided:

"Hearing was held March 21, 1963 at Denver, Colorado.

"At the close of the testimony the respondent moved to join as a respondent employer, Colorado Auto Body, Inc. and their insurance company, the State Compensation Insurance Fund. This motion is based on the claimant's testimony that he sustained a new accident which aggravated a pre-existing condition of November 12, 1962 while employed by Colorado Auto Body, Inc.

"The Referee, having reviewed the file, finds that the respondents' motion is good and should be granted for the grounds heretofore stated.

"IT IS, THEREFORE, ORDERED: * * *

"That Colorado Auto Body, Inc, and their insurance company, the State Compensation Insurance Fund, be joined as respondents in this matter.

\* \* \*"

Auto Body and the Fund responded to the referee's order. They sought and obtained a complete transcript of the hearing held on March 21, 1963, and were also granted ample time to prepare for trial. On July 19, 1963, hearing was held in which Auto Body, the Fund, as well as Ryder and Continental, participated as respondents, and at which no objection was interposed by anyone.

In the course of the July 19th hearing, counsel for the Fund requested assurance of the referee that "testimony taken at the previous hearing will be considered in the case of The State Compensation Insurance Fund and The Colorado Auto Body." Counsel then said, "Apparently no separate file has ever been made up by The Industrial Commission *for our case* but I don't know whether I should offer it into evidence or if you will consider it. I certainly want it all to be considered

by the referee." The referee responded, "I will do that."

At the conclusion of the hearing two grounds were asserted upon which the Fund on its behalf and that of Ryder predicated a motion for *dismissal of the claim:*

(a) That the claimant did not sustain an accident arising out of and in the course of his employment by Colorado Auto Body, Inc.

(b) That if the referee should find that he did sustain an accident there, it was merely a temporary aggravation of a pre-existing condition which caused him no permanent or partial disability or any other medical causes or inconvenience except perhaps one or two visits to a physician.

The referee on August 13th entered an order which became the final order of the Industrial Commission. In pertinent part it reads as follows:

"Claimant's original accident occurred on February 8, 1959. Since that time he had complained of a consistent pain in the low back with radiating pain into his left lower extremity. Although he was able to continue to do heavy manual types of work during this period, apparently he was able to hold various jobs but always was forced to quit work when his back began to bother him. The November 12, 1962, incident apparently aggravated his pre-existing back condition.

"The Referee having reviewed the file and the testimony finds that the claimant was injured in an accident arising out of and within the course of his employment on November 12, 1962, while employed by the Colorado Auto Body, Inc., that this accident aggravated a pre-existing back condition, that his average weekly wage at the time of the accident was maximum, and that it is too early to determine the extent of permanent partial disability if any. The Referee further finds that the claimant could have returned to work on June 24, 1963. The Referee further finds that the claimant's attorney, Darrell Skelton, has performed valuable legal services

on behalf of the claimant and that his attorney's fee should be set at $500.00."

Orders for payments on account of temporary total disability and for medical expenses to be made to claimant then followed. There was a further order that the matter remain open for a period of six months to determine whether the claimant had sustained any permanent partial disability.

On January 23, 1964, in its petition for review before the Industrial Commission, the Fund reiterated the two grounds contained in its motion to dismiss before the referee; and then for the first time it objected to being made a party to the hearing by the following statement:

"* * * We also object to the Referee making the State Fund and the Colorado Auto Body, Inc. parties to I.C. No. 1-410-709 and ordering us to make payments on a claim involving Lawrence C. Newton vs. Ryder Truck Rental and Continental Casualty Company."

In a further petition for review there was another ground added:

"* * * that the Industrial Commission did not have jurisdiction to enter an award against the respondents Colorado Auto Body, Inc. and the State Fund, inasmuch as the claimant has never filed a claim with the Industrial Commission for any alleged accident supposedly happening on November 12, 1962. There has in fact been no report to the respondent, Colorado Auto Body, Inc. by the claimant at any time."

The contentions of Ryder and the Fund in their summary of argument before this court are essentially the same as those raised in the two petitions for review before the Commission. They are: 1. That the Industrial Commission exceeded its powers in joining Auto Body and the Fund in proceedings ostensibly to reopen a claim against Ryder and Continental; 2. that the Industrial Commission has never had jurisdiction over Auto Body and the Fund in view of claimant's failure to file a written claim against them with the Industrial Commission;

3. that the evidence fails to support the award for total disability because the claimant has denied that he suffered an accident in the course of his work at Auto Body and because he subsequently worked for a short period of time and also made application for unemployment compensation against Auto Body.

1. *ON THE PROPRIETY OF JOINING AUTO BODY AND THE FUND IN A PROCEEDINGS INSTITUTED TO REOPEN A CLAIM ON THE GROUND OF CHANGE IN CONDITION.*

■ In their argument on this point, Auto Body and the Fund contend that they were improperly joined in the hearing because the issue before the Commission on reopening was whether the injury claimant sustained while working for Ryder had become worse. In view of the chronology in this case, we can see no prejudice to Auto Body and the Fund by reason of what the Commission did. As a housekeeping matter, perhaps, the Commission could have assigned the claim against Auto Body a separate number and consolidated the two cases for hearing as has been done in some instances. However, at the outset the Fund and Ryder made no such request. They were granted the continuances they asked for, obtained a transcript of the hearing held on the reopening of the Ryder case, and, as was requested, the referee took the evidence at the earlier hearings into consideration.

■ There is no separate statutory procedure for the conduct of a hearing following the granting of a petition to reopen a case on the ground of change in condition. Broad powers are granted to the Commission by C.R.S. 1963, 81-14-3, and govern all proceedings before the Commission whether on an initial claim or upon reopening. Section 81-14-3 (1) provides:

"Hearings shall be held by the commission upon its own motion or upon the application of any party interested therein. The commission shall cause reasonable notice of such hearing to be given to each party inter-

ested, by service upon him personally or by mailing a copy thereof to him at his last known post office address, at least ten days before such hearing. Such hearings may be adjourned from time to time in the discretion of the commission and may be held at such places as the commission shall designate. All parties in interest shall have the right to be present at any hearing, in person or by attorney or by any other agent and to present such testimony as may be pertinent to the controversy before the commission and shall have the right to cross-examine."

When it developed at the hearing on March 21st that there was a possibility that disabilities in connection with which the claimant was seeking additional compensation might be the result of another accident, under the above statute — either upon the application of "any party" or upon its own motion — the Commission was empowered to send reasonable notice to all interested parties and to adjourn the hearing from time to time and to give all parties the right to be present. Ryder and the Fund were sufficiently informed by the referee's order which joined them as parties. No separate filing of the claim would have given them more. The Commission had jurisdiction over the claimant and over Ryder, an employer who is subject to the act, and over the Fund. As a general proposition the following pertinent statement is found in 100 C.J.S. Workmen's Compensation §432:

"Subject always to the provisions of the compensation acts and, whenever they may be applicable, the rules governing change of parties generally, new parties may be brought in where necessary to a proper adjudication of a claim for compensation. * * *"

At most, the failure of the Commission to assign the claimant a separate filing number on his claim against Auto Body and the Fund is a technicality which cannot affect the validity of the action of the Commis-

sion under the provisions of C.R.S. 1963, 81-7-6, which provides:

"A substantial compliance with the requirements of this chapter shall be sufficient to give effect to the orders or awards of the commission and they shall not be declared inoperative, illegal or void for any omission of a technical nature in respect thereto."

2. *ON THE QUESTION WHETHER CLAIMANT'S FAILURE TO FILE A WRITTEN CLAIM DEPRIVED THE COMMISSION OF JURISDICTION.*

The time for the filing of a claim under C.R.S. 1963, 81-13-5 (2) is one year from the date of the accident. It is argued that the claimant did not file a claim within that period or at any time and that his failure so to do is a jurisdictional deficiency which renders void the action of the Commission. With the incident occurring at Auto Body on November 12, 1962, notice being sent to Auto Body and the Fund in April of 1963, and a hearing being held in July, 1963, all before the expiration of one year, there was no failure of actual notice to Auto Body and the Fund. Only the form of the notice and the manner in which the claim arose is technically irregular.

There is a clear distinction delineated by the authorities between no notice of a claimed injury and mere irregularity in the form thereof. When the former occurs, it is jurisdictional, and there can be no waiver. When the deficiency is only as to form, however, there can be a waiver, and the conduct of the parties after the notice can form the basis of such a waiver. Based upon a somewhat similar factual situation in the case of *Daniels v. B. G. Costick & Son,* 4 App. Div. 2d 896, 167 N.Y.S. 2d 74, the court said:

"Appellants' second contention is that the Board was in error in holding that they were not prejudiced by this delay and that they waived the formal requirements of section 28 of the Workmen's Compensation Law. It is undisputed in the record that on March 22,

1951 (within the two-year period), appellants were represented at a hearing, upon notice, and had full knowledge of an oral claim, and orally controverted the claim on other grounds, without raising the objection that no written claim had been filed. *While it may be true that an objection to the lack of a written claim at that time might have resulted in supplying the omission within the two-year period, the voluntary litigation of other issues, with full knowledge of the oral claim could be construed by the Board as a voluntary waiver of the technical requirement of a written claim."* (Emphasis supplied.)

 Thus, in this case, the claimant orally recited to the referee an incident which, if described on one of the Commission's written forms, would have formed the basis of a claim. In C.R.S. 1963, 81-13-5 (1), it is provided that *anyone* can make a claim for a claimant. Ryder and Continental for all intents and purposes asserted a claim for him, and so did the referee by issuing his order, making Auto Body and the Fund parties to the proceedings. Without objection there was litigation on the issue of liability. No one up to that time challenged the manner in which the claim was brought before the Commission. For the first time objection to the referee's order was made after the award had been announced by the Commission. This was too late. From all that was said and done by the Fund and Auto Body there was a waiver of the technical deficiencies now asserted.

3. *ON THE QUESTION WHETHER THE EVIDENCE SUPPORTS THE ORDER OF THE COMMISSION.*

 On this point Auto Body and the Fund lay great stress on the fact that the defendant stated at the hearing that "no accident" had taken place on November 12th. He did, however, describe a determinable event from which an injury resulted. What constitutes an accident under the statutes and under the decisions of this court may be found in the recent cases of

*Industrial Commission v. Milka,* 159 Colo. 114, 410 P.2d 181, and *Plummer v. State Compensation Ins. Fund,* 159 Colo. 122, 410 P.2d 185. As in those cases there was herein pinpointed a particular incident, medical testimony of a back strain and immediate muscular spasm, all brought on by the act of stooping to lift a heavy object. Pain was immediate and claimant could not straighten up. This evidence is sufficient to support a Commission finding that there was an aggravation of a pre-existing back condition. Similarly, the determination of temporary total disability also was supported by the evidence even though there was testimony that claimant worked for a couple of days after the pain subsided. Claimant testified he again had to "lay off work" because of back pain, and, in addition, there was medical evidence that heavy work was not possible with the symptoms and complaints the claimant had.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON not participating.