Joseph RAFFAELO, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Charles McGrath, Director of the Division of Labor, Midwest Steel and Ironworks Company and Liberty Mutual Insurance Company, Respondents.

No. 82CA1329.

Colorado Court of Appeals, Div. III.

Sept. 1, 1983.

George T. Ashen, James E. Freemyer, Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel Cantrick, Sp. Asst. Atty. Gen., Patricia Blizzard, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Charles McGrath, Director of Div. of Labor.

Zarlengo, Mott & Zarlengo, Tama L. Levine, Denver, for respondents Midwest Steel and Ironworks Co. and Liberty Mut. Ins. Co.

KELLY, Judge.

Claimant, Joseph Raffaelo, seeks review of a final order of the Industrial Commission dismissing and denying his petition to reopen his workmen's compensation claim. We set aside the order and remand to the Industrial Commission for further proceedings.

Claimant suffered a compensable back injury on March 9, 1976. Orders were entered in October and December 1977 awarding claimant temporary total and permanent partial disability benefits. Claimant filed a petition to reopen on July 19, 1979. Attached to that petition was a medical report indicating that claimant was suffering from degenerative disc disease and expressing the opinion that, inasmuch as claimant had "not been employed since the injury," he would qualify for vocational rehabilitation.

A hearing was held on November 29, 1979, at which claimant testified about his back problems and his work history since the injury. At the conclusion of that hearing, claimant's attorney indicated that he wanted an additional hearing to examine one of the medical experts for respondents Midwest Steel and Ironworks Co. and Liberty Mutual Insurance Co. Three hearings to receive medical testimony were set in January and April 1980, but each was cancelled at claimant's request.

By letter dated March 18, 1981, claimant's attorney submitted reports prepared by a psychiatrist and a rehabilitation counselor in New York during the period of November 1980 to February 1981 following examinations of the claimant. Those reports indicated that claimant was suffering post-traumatic depressive neurosis resulting from claimant's industrial injury and expressed the opinion that claimant needed vocational rehabilitation.

A hearing set for March 27, 1981, to determine temporary and permanent disability, medical benefits, and vocational rehabilitation, and to take additional lay testimony was not held. In a letter dated March 30, 1981, respondents' attorney confirmed an agreement reached by the parties

whereby claimant would be evaluated by a psychiatrist of respondents' choice and would also be evaluated concerning whether he was a candidate for rehabilitation. The letter further stated that after the two procedures were done, both parties would state their positions to the referee.

Thereafter, in a letter sent to respondents' attorney on September 14, 1981, with a copy to claimant's attorney, the referee indicated that she had reviewed the file and directed respondents' attorney to prepare an order dismissing the petition to reopen. The letter stated that the order should include, among other things, findings that claimant's psychological problems were unrelated to his injury, that claimant had failed to show a change of condition justifying reopening, and that claimant was not entitled to any vocational rehabilitation.

Claimant's attorney then wrote to the referee. That letter explained that the March 1981 hearing had been cancelled as a result of the agreement for further evaluation and that the evaluation was in progress. That letter also protested entry of an order prior to a full determination of claimant's entitlement to rehabilitation and demanded that a hearing be scheduled wherein "all evidence may be presented to support [claimant's] claim for reopening and his request for rehabilitation."

A subsequent letter to the referee from claimant's attorney reiterated the request for the additional hearing to "cover matters which we did not present" because of the evaluation agreement. On the same date, respondents' counsel also wrote to the referee a letter which supports the inference that an evaluation of claimant had been completed and would be available for introduction into evidence. Counsel indicated his willingness to have the matter set for further hearing in fairness to claimant and his attorney.

Without specifically ruling on claimant's request for further hearing, the referee entered an order containing extensive findings of fact and denying the petition to reopen. The Commission affirmed the referee.

Claimant's first assertion that his request for an additional hearing was not ruled upon is without merit. The orders of the referee and the Commission denying claimant's petition to reopen are an implicit denial of his request for additional hearing.

Claimant asserts that § 8–53–103(1), C.R. S.1973 (1982 Cum.Supp.), which applies to both initial claims and petitions to reopen, *see Colorado Auto Body, Inc. v. Newton,* 160 Colo. 113, 414 P.2d 480 (1966), provides him with the right to demand and have additional hearings. That section provides, in pertinent part:

"Hearings shall be held by the director upon his own motion or upon the application of any party interested therein.... All parties in interest shall have the right to be present at any hearing ... to present such testimony as may be pertinent to the controversy before the director, and to cross-examine."

We do not interpret this statutory language as according to a claimant an absolute right to demand and have additional hearings. The intent of that language must be construed in light of the purposes of the workmen's compensation act. *See University of Denver v. Industrial Commission,* 138 Colo. 505, 335 P.2d 292 (1959).

■ One of the purposes of the act is to provide a method for speedy resolution of claims arising out of industrial accidents. *Stanley Hotel v. Thomas,* 153 Colo. 503, 387 P.2d 27 (1963). In effecting this purpose, the Industrial Commission has adopted procedural rules, *see* § 8–1–107(1)(d), C.R.S. 1973 (1982 Cum.Supp.), which contemplate a bifurcated hearing process for taking lay and then medical testimony. *See* Industrial Commission Rule XVII(7), 7 Code Colo.Reg. 1101–3 at 7; Industrial Commission Rule XII, 7 Code Colo.Reg. 1101–3 at 5 (re petitions to reopen). In view of these purposes and of the broad powers granted to the Commission by § 8–53–103, C.R.S.1973, *see Colorado Auto Body, Inc. v. Newton, supra,* we hold that if a party seeks an additional hearing after the apparent completion of the contemplated hearing process, the Commission may deny a further hearing unless

there is presented a sufficient showing in justification therefor.

 Here, however, the claimant's requests for further hearing were based on evidence which had not yet been presented to the referee and which might have affected the outcome of the claim for benefits and rehabilitation. Under the circumstances here in which the record shows there was a stipulation for further evaluation of claimant, it is undisputed that the evaluation was completed, and opposing counsel acceded to the desirability of further hearing, justification for the further hearing was shown by the general request for a hearing to present "all evidence" or "all facets of the case" "which we did not present." We conclude, therefore, that the Industrial Commission erred in refusing to set aside the order of the referee denying claimant's request for the additional hearing.

The order is set aside and the cause is remanded to the Industrial Commission with directions to vacate the order of the referee denying claimant's request for an additional hearing and to set the matter for further hearing on claimant's petition to reopen.

BERMAN and TURSI, JJ., concur.