**INTERMOUNTAIN RUBBER INDUS-TRIES, INC., and State Compensation Insurance Fund, Petitioners,**

**v.**

**Rudy VALDEZ, the Industrial Commission of the State of Colorado, and Charles McGrath, Director of the Division of Labor, Respondents.**

**No. 84CA0168.**

Colorado Court of Appeals, Div. III.

Aug. 23, 1984.

William J. Baum, Margaret D. Keck, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Charles McGrath.

Douglas R. Phillips, Denver, for respondent Rudy Valdez.

METZGER, Judge.

Petitioners, Intermountain Rubber Industries, Inc. (Intermountain) and State Compensation Insurance Fund (Fund), seek review of a final order of the Industrial Commission. We affirm in favor of claimant, Rudy Valdez.

Petitioners assert that the Commission erred in its determinations that claimant's April 2, 1981, petition to reopen was timely filed and constituted a sufficient claim for workmen's compensation benefits. Relying on § 8–53–106(1) and (3), C.R.S. (1983 Cum.Supp.), claimant argues that petitioners should be precluded from asserting this issue since they failed to file a petition to review the referee's order of June 16, 1982, which found that the petition to reopen was a sufficient claim and was timely filed. As well, petitioners contend that the evidence was insufficient to support the awards of temporary total disability and permanent partial disability. Finally, petitioners argue that the Commission erred in failing to join necessary and indispensable parties to this action pursuant to the Administrative Procedure Act and C.R.C.P. 19.

Claimant, Rudy Valdez, sustained a back injury on January 3, 1976, during the course of his employment by Intermountain. Intermountain filed an employer's first report of accident, and the Fund paid claimant's medical bills. Since the employer's physicians advised claimant and the Fund that claimant had no impairment or disability, claimant took no further action.

On April 2, 1981, claimant filed a "Petition to Reopen" based on a non-job-related back injury incurred on December 31, 1980. This petition was accompanied by medical reports stating that claimant would have permanent partial disability, and that this

condition was the result of his work-related injury incurred on January 3, 1976.

On January 7, 1982, claimant suffered an additional back injury while employed by Rockwell International. Claimant was treated surgically after this accident and after the December 31, 1980, accident.

A hearing on the petition to reopen was held on February 8, 1982. On June 16, 1982, the hearing officer found that claimant did not know "the probable compensable nature of his claim, or the nature and severity of his low back injury until December, 1980," when claimant was diagnosed as suffering from a herniated disc. The hearing officer concluded that claimant's petition to reopen was sufficient to constitute a notice of claim and that it was filed within the applicable limitation period after his discovery that he suffered from a compensable injury.

A treating physician testified that the December 1980 non-work accident and the 1982 work accident "aggravated the preexisting problem." This physician rated claimant's disability at six percent as a working unit including three percent attributable to the 1980 and 1982 accidents. An examining physician estimated claimant's disability at ten percent, but was unable to apportion the disability among the three accidents.

On May 3, 1983, a hearing officer awarded claimant temporary total disability for the periods of disability following his 1980 and 1982 accidents and seven percent permanent partial disability attributable to the 1976 accident. The Industrial Commission affirmed.

## I.

As a preliminary matter, we reject claimant's contention that petitioners are barred from raising the issue of timely filing of the claim. Petitioners first raised this issue in their petition for review of the May 3, 1983, final order of the hearing officer, rather than within 15 days of the July 16, 1982, order which found that the claim was timely filed.

■■■ The controlling rule is that orders failing to resolve all of the issues advanced by a claimant are not subject to judicial review. *Cibere v. Industrial Commission*, 624 P.2d 920 (Colo.App.1980). Since the issues concerning temporary and permanent disability benefits, which controlled claimant's right to compensation, remained unresolved until the May 3, 1983, final order, no earlier order was appealable. Accordingly, petitioners' petition for review was timely, since it was filed within 15 days of the May 3 order.

## II.

Petitioners first argue that the petition to reopen filed by claimant was insufficient to operate as a notice of claim. We disagree.

■■■ Technical irregularities in the form of a notice of claim are not sufficient to deprive the Commission of jurisdiction to entertain the claim. *Pinkard Construction Co. v. Schroer*, 487 P.2d 610 (Colo. App.1971) (not selected for official publication); *see Colorado Auto Body, Inc. v. Newton*, 160 Colo. 113, 414 P.2d 480 (1966); 3 *A. Larson, Workmen's Compensation Law* § 77A.31 (1983). Here, the petition to reopen contained information substantially equivalent to that which would be set forth in a notice of claim and was sufficient, if timely filed, to operate as a notice of claim.

## III.

■■ Petitioners contend that the 1981 petition to reopen the 1976 claim was not filed within the period set forth in § 8–52–105(2), C.R.S., and was untimely. That section provides:

"[T]he right to compensation and benefits ... shall be barred unless, within three years after the injury ... a notice claiming compensation is filed with the division. This limitation shall not apply ... if it is established ... within five years after the injury ... that a reasonable excuse exists for the failure to file such notice."

However, the limitation period commences when the claimant reasonably should have recognized the nature, seriousness, and probable compensable character of the injury. *City of Boulder v. Payne,* 162 Colo. 345, 426 P.2d 194 (1967). *See 3 A. Larson, supra,* § 78.41(a).

■ Here, evidence established that the injury caused by the 1976 accident was a predisposition to the disc herniations which claimant suffered in 1980 and 1982. While claimant was aware that he had injured his back, his treating physicians did not diagnose him as suffering from any disc or musculoskeletal disorder, and gave him no indication that the 1976 accident predisposed him to more serious back injury. Under these circumstances, the evidence supports the hearing officer's determination that claimant did not know the nature, seriousness, or compensable character of his injury until he was diagnosed in 1980 as suffering from a herniated disc. Since claimant's petition to reopen was filed within the limitation period specified in § 8–52–105(2), C.R.S., after his discovery of these facts, his claim was timely filed.

### IV.

■ Petitioners contend next that the evidence was insufficient to support the award of temporary total disability in 1981 and 1982. We conclude that the evidence was sufficient to support the award.

Petitioners first argue that claimant's temporary total disability in 1981 was due to his 1980 non-job-related injury rather than to his 1976 employment accident. However, there was medical testimony that claimant's 1980 injury aggravated the condition created by the 1976 accident. Under these circumstances, the resulting temporary total disability was properly attributable to the 1976 accident. *See Denver v. Hansen,* 650 P.2d 1319 (Colo.App.1982).

Similarly, there was medical testimony that claimant's 1982 accident aggravated the underlying condition caused by the 1976 accident. Therefore, we reject petitioners' contention that the resulting period of temporary total disability was not causally connected to the 1976 accident.

### V.

Petitioners argue also that there was insufficient evidence to support the award of seven percent permanent partial disability. Again, we disagree.

■ Section 8–51–108(1)(b), C.R.S. (1983 Cum.Supp.) provides that in determining permanent partial disability, the Commission shall take into consideration the "general physical condition and mental training, ability, former employment, and education of the injured employee." The Commission is vested with the widest possible discretion in determining the percentage of disability of an injured worker from these factors, *Southwest Investment Co. v. Industrial Commission,* 650 P.2d 1355 (Colo.App.1982), and is not restricted to a mathematical derivation of the percentage of industrial disability from a physician's estimate of physical disability. *See R & R Well Service Co. v. Industrial Commission,* 658 P.2d 1389 (Colo.App.1983). Where, as here, the evidence supports the Commission's order, we will not substitute our judgment for that of the Commission.

### VI.

Petitioners' final contention is that the hearing officer erred in refusing to order joinder of Rockwell International, the employer for whom claimant was working at the time of the 1982 accident, pursuant to the Administrative Procedure Act and C.R. C.P. 19. Again, we disagree.

Petitioners argue that Rockwell International and its insurer were "necessary and indispensable" parties because of the risk of inconsistent results if claimant were to pursue a separate workmen's compensation claim against that employer.

■ We note initially that petitioners' reliance on the Colorado Administrative Procedure Act, § 24–4–101 et seq., C.R.S., is misplaced, since proceedings under the Workmen's Compensation Act are not controlled by the provisions of the Ad-

ministrative Procedure Act. *In re Claim of Zappas v. Industrial Commission,* 36 Colo.App. 319, 543 P.2d 101 (1975). We need not reach the issue whether, as petitioners contend, C.R.C.P. 19 is applicable to Workmen's Compensation proceedings, because here Rockwell and its insurer were not indispensable parties for the purposes of that rule.

Petitioners have not alleged that complete relief cannot be granted between claimant and themselves in the absence of the later employer. In determining whether the later employer is an indispensable party, the test is whether the "absent person's interest in the subject matter of the litigation [is] such that no decree can be entered in the case which will do justice between the parties actually before the court *without injuriously affecting the right of such absent person."* *Civil Service Commission v. District Court,* 186 Colo. 308, 527 P.2d 531 (1974), *quoting Woodco v. Lindahl,* 152 Colo. 49, 380 P.2d 234 (1963) (emphasis in *Civil Service Commission* ).

 The outcome of this case has no bearing on the liability of the absent parties, nor are petitioners exposed to any greater liability as a result of the absence of the later employer and its insurer than if they had been present. Accordingly, the absent parties are not indispensable.

The order is affirmed.

KELLY and TURSI, JJ., concur.