**BALDWIN CONSTRUCTION INC.,**
**and the Colorado Compensation**
**Insurance Authority, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OF-**
**FICE OF THE STATE OF COLORADO**
**and Randy Tebeest, Respondents.**

No. 96CA1362.

Colorado Court of Appeals,
Div. I.

March 6, 1997.

Rehearing Denied April 17, 1997.

Curt Kriksciun, Colorado Compensation Insurance Authority, Denver, for Petitioner.

Tim Guill, Denver, for Respondent Randy Tebeest.

No Appearance for Respondent Industrial Claim Appeals Office

Opinion by Judge NEY.

Baldwin Construction, Inc., (employer) and the Colorado Compensation Insurance Authority (collectively CCIA) seek review of a final order of the Industrial Claim Appeals Panel awarding Randy Tebeest (claimant) permanent total disability benefits for an industrial injury. We affirm.

Claimant sustained an admitted industrial injury to his back, which the treating physician diagnosed as a herniated disc, lumbar sprain, and myofascial pain syndrome. The physician also diagnosed several nonindustrial preexisting conditions, including muscle tension headaches, obesity, depression, and alcohol abuse.

The Administrative Law Judge (ALJ) found that claimant's history of hypertension, alcoholism, and depression predated the industrial injury, and that these conditions had not interfered with claimant's ability to work full time prior to the industrial injury. However, the treating physician testified that claimant's preexisting alcoholism had likely caused a decrease in his production of serotonin, a chemical used by the body to fight pain. Thus, the alcohol abuse adversely affected claimant's ability to overcome the effects of his industrial injury.

Based upon this evidence, as well as the testimony of claimant and a vocational counselor, the ALJ determined that claimant's industrial injury, superimposed upon the preexisting conditions of alcoholism, hypertension, and depression, is a major and significant cause of claimant's loss of access to the labor market. Furthermore, and especially significant, is the ALJ's finding that the preexisting medical conditions did not independently cause a significant loss of access to the labor market, and did not render claimant unemployable.

The ALJ found that claimant is unable to earn any wages in the same or other employment. On this basis, permanent total disability benefits were awarded.

The ALJ rejected the CCIA's request for an apportionment of this award for the effects of the preexisting alcoholism, depression, and hypertension. Citing *Lindner Chevrolet v. Industrial Claim Appeals Office*, 914 P.2d 496 (Colo.App.1995), the ALJ reasoned that apportionment for preexisting disabilities under § 8–42–104(2), C.R.S. (1996 Cum.Supp.) is applicable only for *industrial* injuries. The Panel reached the same conclusion and, therefore, affirmed the award of permanent total disability benefits without apportionment.

The CCIA contends that it is liable for that portion of claimant's permanent total disability award attributable to the industrial injury, but not the preexisting, nonindustrial conditions. Under the circumstances of this case, we disagree.

Section 8–42–104(2) provides that: "In case there is a previous disability, the percentage of disability for a subsequent injury shall be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability as it existed at the time of the subsequent injury."

The supreme court recently clarified this apportionment provision in *Askew v. Industrial Claim Appeals Office*, 927 P.2d 1333 (Colo.1996).

Noting that the phrase "previous disability" as used in this statute is not defined, the *Askew* court relied upon the *AMA Guides* to reach the conclusion that a "disability" is assessed by nonmedical means, and is an alteration of an individual's capacity to meet personal, social, or occupational demands. "Impairment," on the other hand, is

an alteration of an individual's health status that is assessed by medical means. Thus, an impairment becomes a disability only when the medical condition limits the claimant's capacity to meet the demands of life's activities.

 According to *Askew*, an apportionment is appropriate under § 8-42-104(2) only when a prior impairment has been sufficiently identified, treated, or evaluated to be rated as a contributing factor in the subsequent disability. Therefore, a preexisting condition which was dormant or asymptomatic prior to an industrial injury cannot be evaluated adequately for purposes of apportionment. Simply stated, apportionment may be had for a prior disability, but not for a latent preexisting condition.

In reaching this conclusion, the *Askew* court held that it is irrelevant whether the prior impairment is occupational or nonoccupational. Thus, without expressly so stating, the court in *Askew* appears to have overruled *Lindner Chevrolet v. Industrial Claim Appeals Office, supra*, which limited apportionment to multiple *industrial* disabilities.

 Neither the ALJ nor the Panel had the benefit of *Askew* when it announced its decision, and instead relied on *Lindner*. But because they reached the right result, albeit for the wrong reason, we may affirm. *See Rosa v. Warner Electrical Contracting*, 870 P.2d 1210 (Colo.1994), (*cert. den'd*, 513 U.S. 814, 115 S.Ct. 69, 130 L.Ed.2d 25 (1994)).

 Here, the ALJ specifically found that claimant's preexisting medical conditions did not independently cause a significant loss of access to the labor market and did not render claimant unemployable. And, the ALJ found that, just prior to the injury, claimant's employment consisted of full time heavy labor and was unaffected by the preexisting conditions. These findings support a conclusion that claimant's preexisting conditions did not rise to the level of a "disability" sufficient to trigger the apportionment provision in § 8-42-104(2). *See Askew v. Industrial Claim Appeals Office, supra.*

 Inasmuch as these findings are based on substantial evidence, we are bound by them. Section 8-43-308, C.R.S. (1996 Cum. Supp.). However, we are not bound by the legal conclusions to be drawn from them. *See Gruntmeir v. Tempel & Esgar, Inc.*, 730 P.2d 893 (Colo.App.1986) (correctness of a legal conclusion drawn from undisputed facts is properly a matter for the appellate court). Thus, we conclude that because the ALJ found, in effect, that the preexisting conditions did not hinder claimant's capacity to meet his everyday demands, the preexisting conditions do not constitute a "previous disability" under § 8-42-104(2). Accordingly, the decision to deny the CCIA's request for apportionment was correct.

The order of the Panel is affirmed.

METZGER and CASEBOLT, JJ., concur.