**RENAISSANCE SALON and State Farm Fire & Casualty Company, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Diane Grove, Denver Oxford Club, and Colorado Compensation Insurance Authority, Respondents.**

No. 97CA2121.

Colorado Court of Appeals, Div. I.

June 10, 1999.

Rehearing Denied Aug. 5, 1999.*

Certiorari Denied Feb. 28, 2000.

* Kapelke, J., would *GRANT.*

Ritsema & Lyon, P.C., Michael A. Perales, Denver, Colorado, for Petitioners.

No Appearance for The Industrial Claim Appeals Office.

Barbara J. Furutani, P.C., David M. Pantos, Denver, Colorado, for Respondent Diane Grove.

Curt Kriksciun, Denver, Colorado, for Respondent Colorado Compensation Insurance Authority.

Opinion by Judge JONES.

In this workers' compensation proceeding, petitioners, Renaissance Salon and its insurer, State Farm Fire and Casualty Company, seek review of the final order of the Industri-

al Claim Appeals Office (Panel) that upheld State Farm's joinder as a party to the claim for benefits filed by Diane Grove (claimant) against the Oxford Club, Ltd., and its insurer, Colorado Compensation Insurance Authority (CCIA). We affirm.

Claimant, a manicurist, worked for the Oxford Club from 1988 until 1995. She then became employed by Renaissance Salon. In 1996, claimant left that salon to become self-employed.

Claimant began suffering from a skin rash in 1990 which, in the following years, intermittently improved and worsened. She aggravated her condition in 1992 when she spilled onto her chest the acrylic product used in applying artificial nails. Her condition subsequently improved. However, in 1995, claimant again experienced a worsening of her condition.

In June 1996, claimant's physician diagnosed her condition as contact dermatitis resulting from an occupational exposure to acrylic nail products. Thereafter, claimant requested benefits from the Oxford Club and its insurer, CCIA, but initially filed no claim against the Renaissance Salon and its insurer, State Farm.

The administrative Law Judge (ALJ) joined Renaissance and State Farm as parties upon the motion of the Oxford Club and the CCIA. Petitioners objected to such joinder, but appeared at the evidentiary hearing ready to defend.

Following the hearing, the ALJ found that claimant had suffered three separate work-related injuries from her exposure to acrylic products. He found that the first two had occurred in 1990 and 1992 and that the exposure at issue in the instant claim had occurred in 1995 while claimant was employed by Renaissance. The ALJ also found that claimant had greatly restricted her use of acrylic products during her self-employment and, therefore, did not incur an aggravation of her condition after 1995. Based upon these findings, the ALJ ordered State Farm to pay medical benefits for the time of that exposure in 1995 until June 1996, with the issue of further medical and temporary disability benefits to be determined at a later time.

On review to the Panel, petitioners challenged their joinder as parties and the finding of their liability. The Panel determined that, pursuant to the permissive joinder provisions of C.R.C.P. 20(a), the ALJ did not abuse his discretion in joining petitioners. The Panel also determined that there was substantial evidence to support the ALJ's finding that claimant had suffered a compensable injury as a result of her exposure to acrylics in 1995.

In this appeal, petitioners contend only that the ALJ erred in allowing them to be joined as parties. We disagree.

The determinations of an ALJ are to be reviewed under the abuse of discretion standard and may not be overturned absent a showing of such abuse. *Coates, Reid & Waldron v. Vigil*, 856 P.2d 850 (Colo.1993). We conclude that, under the circumstances here, the ALJ did not abuse his discretion.

The Colorado Rules of Civil Procedure apply to claims for workers' compensation insofar as those rules are not inconsistent with the procedural or statutory provisions of the Workers' Compensation Act. *See Nova v. Industrial Claim Appeals Office*, 754 P.2d 800 (Colo.App.1988).

State Farm asserts that, because there was no claim pending against it, joinder here was not proper under C.R.C.P. 20(a). We agree that C.R.C.P. 20(a) was not the proper vehicle by which to accomplish joinder in this instance because claimant did not, in the first instance, assert any "right to relief" against State Farm. Nonetheless, even though the ALJ's reliance on C.R.C.P. 20(a) was misplaced, we are persuaded that he did not abuse his discretion by ordering State Farm to be joined in the pending proceeding. *See Baldwin Construction, Inc. v. Industrial Claim Appeals Office*, 937 P.2d 895 (Colo.App.1997) (since Panel reached right result, albeit for the wrong reason, its order may be affirmed).

Pursuant to § 8–43–207, C.R.S.1998, ALJs are empowered to conduct hearings to determine any controversy concerning any

issue arising under the Workers' Compensation Act, § 8–40–101, et seq., C.R.S.1998. The powers granted under the hearing provision are broad and extend to all proceedings before an ALJ. *See Colorado Auto Body, Inc. v. Newton,* 160 Colo. 113, 414 P.2d 480 (1966) (generally addressing a predecessor statute to § 8–43–207).

Efficient and speedy resolution of claims is one of the purposes of the Act. *See* § 8–40–102(1), C.R.S.1998; *Raffaelo v. Industrial Commission,* 670 P.2d 805 (Colo.App.1983).

■ Here, the record shows that Oxford initially raised the issue of the necessity to join petitioners in the case. And, although claimant at first denied that petitioners had any liability here, by the time of the hearing, she, indeed, did assert, or acquiesce in the request to assert, the claim against petitioners because the 1995 contact with the acrylics had caused the compensable injury. Petitioners came forward and were prepared to, and did, defend against the claim.

Under these circumstances, the last injurious exposure rule was applicable to determine full responsibility for claimant's occupational disease among the employers who potentially could be liable. *See Robbins Flower Shop v. Cinea,* 894 P.2d 63 (Colo. App.1995). Thus, State Farm's presence, while not indispensable, certainly was desirable to achieve a complete and expedient adjudication of claimant's request for benefits. *Cf. Intermountain Rubber Industries, Inc. v. Valdez,* 688 P.2d 1133 (Colo.App.1984) (when the outcome of a case has no bearing on the liability of the absent parties and the defending parties are not exposed to any greater liability as a result of the absence of the later employer and its insurer, the risk of inconsistent results does not render those parties indispensable for purposes of joinder under C.R.C.P. 19).

In *Colorado Auto Body, Inc. v. Newton, supra,* the supreme court determined that joinder could be ordered under the powers of the hearing provision, now § 8–43–207, when there was a possibility that the disabilities giving rise to the claim asserted in that case may have been the result of a subsequent accident while the claimant worked for another employer. Further, the court clearly focused on the importance of notice to the interested parties, determining that the employer there had received actual notice of the claim. As to notice, the court stated: "No separate filing of the claim would have given them more [notice]." *Colorado Auto Body, Inc. v. Newton, supra,* 160 Colo. at 121, 414 P.2d at 484. Finally, it noted that the parties were given a full and complete opportunity to defend against the action. Therefore, no prejudice was found to have inured to the employer.

We consider *Colorado Auto Body* to be persuasive here.

Although petitioners, unlike the employer in *Colorado Auto Body,* did object to their joinder, they appeared ready to defend and have not asserted in this appeal any grounds upon which a claim against them would be barred if claimant had pursued such a claim in an independent action. Further, petitioners do not contest the ALJ's order finding them liable for claimant's occupational disease. Moreover, they have not raised issues concerning any deprivation of their procedural due process rights, nor have they asserted any prejudice that accrued to them by virtue of their having been required to defend the claim at the hearing.

Hence, we conclude that petitioners suffered no real prejudice as a result of their joinder here. Further, their presence obviated the need for a separate proceeding, thus promoting the interest of efficiency in the resolution of claims. *See Colorado Auto Body, Inc. v. Newton, supra.*

■ We acknowledge that the hearing provision has been amended from the version in effect when the *Colorado Auto Body* decision was announced. However, the statute, as it is now codified, reflects no specific circumscription upon the powers formerly bestowed. Because the General Assembly is presumed to be cognizant of relevant judicial precedent when a statute is amended, the judicial construction previously placed upon the statute is deemed to be approved to the extent the statute remains unchanged. *See U.S. Fidelity & Guaranty, Inc. v. Kourlis,* 868 P.2d 1158 (Colo.App.1994).

Hence, we conclude that under the powers granted for the purpose of conducting hearings, the ALJ committed no abuse of discretion by joining petitioners, when, as in *Colorado Auto Body, Inc. v. Newton, supra,* the question of their liability had been raised and such joinder posed no risk of prejudice.

The order is affirmed.

Judge METZGER concurs.

Judge KAPELKE dissents.

Judge KAPELKE dissenting.

Because I believe there was no proper basis for joinder of Renaissance Salon and State Farm (petitioners) as parties to this proceeding, I respectfully dissent and would vacate the order.

Petitioners were joined pursuant to a motion filed by Oxford Club, Ltd., and its insurer, Colorado Compensation Insurance Authority (collectively respondents). At the time the joinder was permitted, neither the workers' compensation claimant nor either of the respondents was asserting any claim against the petitioners. Moreover, the respondents would have had no basis for doing so.

In their motion to join the petitioners, respondents simply alleged that the last injurious exposure to the chemicals that caused the claimant's condition took place when she was an employee of petitioner Renaissance Salon, rather than during the earlier period when she had worked for respondent Oxford Club, Ltd. Respondents did not assert either that claimant was asserting a claim against petitioners or that petitioners were indispensable parties to the proceeding.

As the majority notes in its opinion, the Colorado Rules of Civil Procedure apply in workers' compensation proceedings to the extent that such rules are not inconsistent with the provisions of the Workers' Compensation Act. *Nova v. Industrial Claim Appeals Office,* 754 P.2d 800 (Colo.App.1988). No one has suggested that there is any provision of the Act that would be inconsistent with C.R.C.P. 19 or C.R.C.P. 20, which govern joinder.

I agree with petitioners that they were not indispensable parties whose joinder was required pursuant to C.R.C.P. 19. Indeed, respondents do not appear to be arguing that there was any basis for joinder under that rule. Respondents did not allege or demonstrate that complete relief regarding their liability to claimant could not be afforded in the absence of petitioners. *See Intermountain Rubber Industries, Inc. v. Valdez,* 688 P.2d 1133 (Colo.App.1984) (recognizing that a later employer and its insurer are not indispensable parties to an action involving claims against the previous employer).

The Panel in its ruling concluded that petitioners were properly added as parties under the permissive joinder provisions of C.R.C.P. 20(a). However, under that rule parties may be joined as defendants only *"if there is asserted against them* jointly, severally, or in the alternative, *any right to relief* in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences...." (emphasis added) If, as here, there is in fact no right of relief being asserted against the party whose joinder is being sought, such joinder is improper.

In its order upholding the ALJ, the Panel stated: "[I]t does not exceed the bounds of reason to grant a permissive joinder for the purposes of promoting judicial economy." However, while judicial economy may be a relevant consideration, it does not by itself serve as a basis for a joinder that is not authorized by either the Colorado Rules of Civil Procedure or the Workers' Compensation Act itself.

Finally, I reject respondents' contention that *Colorado Auto Body, Inc. v. Newton,* 160 Colo. 113, 414 P.2d 480 (1966) supports joinder in this situation. In that case, unlike here, no one objected to joinder of the later employer and its insurer. Moreover, in its opinion the supreme court did not address the propriety of the joinder at all.

Here, the first suggestion that claimant intended to assert a claim against petitioners was made at the hearing itself, after claimant's counsel acknowledged that no actual claim had been asserted against petitioners prior to that time. In the absence of such a

claim, the joinder was, in my view, unsupportable and an abuse of discretion.

Finally, petitioners have demonstrated prejudice by showing that they were compelled to participate in a proceeding and ultimately were held liable despite the fact that they were never even given a "notice of the contraction of disease," as required by § 8–43–102(2), C.R.S.1998. That they appeared at the hearing and proceeded to defend after the joinder had been allowed does not compel a different conclusion. Under the circumstances, they had no realistic choice to do otherwise.