Jose NOVA, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Continental Grain, and Aetna Casualty & Surety Co., Respondents.

No. 87CA1216.

Colorado Court of Appeals,
Div. III.

March 31, 1988.

McIntyre, Varallo & Dugan, P.C., Michael P. Dugan, Greeley, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Walberg Law Offices, Benjamin P. Kramer, Denver, for respondents Continental Grain and Aetna Cas. & Sur. Co.

JONES, Judge.

Jose Nova (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which affirmed the termination of his medical and temporary total disability benefits. We affirm the Panel's order.

In January 1983, claimant sustained an admitted injury to his wrists. Claimant received benefits until May 1985, when the employer and its insurer petitioned to suspend benefits. After a hearing in August 1985, the hearing officer concluded upon conflicting evidence that claimant continued to be disabled as a result of the industrial injury. Thus, the petition to suspend benefits was denied.

In November 1985, the employer and its insurer filed a final admission of liability for temporary disability benefits. The ad-

mission was based on their contention that claimant's then-present disability, if any, was not work-related. After considering testimony adduced at a second hearing and the depositions of six physicians, a different hearing officer suspended claimant's benefits, which action the Panel affirmed.

## I.

■ Claimant first contends that the suspension of benefits was improperly based on a relitigation of issues previously decided in his favor. Specifically, claimant argues that because the first hearing officer had previously determined that his ongoing condition was work-related, the doctrine of the "law of the case" precludes the second hearing officer from determining otherwise. We find no reversible error.

The decision to terminate benefits was not solely based on the causation question. Rather, the hearing officer also concluded that claimant was no longer disabled. This conclusion was based upon substantial evidence, including one physician's opinion that claimant was malingering. As such, even if we disregard the hearing officer's re-determination of the causation issue, the finding of an absence of disability is fatal to the claim for continued temporary disability and medical benefits. *See* § 8–51–102, C.R.S. (1987 Cum.Supp.) (disability benefits shall cease when employee is able to return to work); § 8–49–101(1)(a), C.R.S. (1987 Cum.Supp.) (medical benefits available at time of injury and thereafter during disability only).

## II.

■ Claimant next contends that the hearing officer erred in relying on the opinion of the physician, who said claimant was malingering, because it was inconclusive and, thus, was insufficient to contradict claimant's direct testimony that he was disabled. We disagree.

The physician's opinion was primarily based on the results of the Cybex test which measures the strength of an injured extremity. The doctor testified that claimant had not made an honest effort to perform on the test. As a result, he was unable to ascertain the extent, if any, of claimant's disability and concluded that claimant was malingering.

Claimant failed to designate a transcript of the second hearing which included his testimony. Thus, we presume that the hearing officer's resolution of this issue is supported by the evidence. *See* C.A.R. 10(b); *People v. Morgan,* 199 Colo. 237, 606 P.2d 1296 (1980); *Hernandez v. Industrial Commission,* 659 P.2d 58 (Colo.App.1983).

However, even if we assume that claimant's testimony did conflict with the physician's conclusion, we do not find his opinion to be inconclusive or incompetent. It was reasonable for the doctor to infer that claimant was feigning a disability based on claimant's arm movements being significantly greater than he demonstrated on the test. This evidence alone, even if in conflict with claimant's testimony, was sufficient, if believed, to permit the hearing officer to conclude that claimant was malingering and not disabled. *See Halliburton Services v. Miller,* 720 P.2d 571 (Colo. 1986).

## III.

■ Claimant contends that because a physical therapist and not the physician administered and interpreted the test, both the test results and the physician's testimony concerning them are inadmissible hearsay. Again, we disagree.

All medical reports are admissible in workmen's compensation proceedings. *See* § 8–53–115, C.R.S. (1986 Repl.Vol. 3B); *Churchill v. Sears, Roebuck & Co.,* 720 P.2d 171 (Colo.App.1986). We are satisfied from the doctor's testimony that the test qualifies as a medical report.

Moreover, the fact that the doctor relied on the interpretation of the physical therapist in forming his own opinion, goes to the weight, not the admissibility of his testimony. The weight to be given this testimony was within the province of the hearing officer, and we perceive no error in the weight or credibility assessed here. *See White v. Director of Division of Labor,* 30 Colo.App. 393, 493 P.2d 676 (1972).

## IV.

Claimant's final contention is that the suspension of benefits constitutes an impermissible sanction under C.R.C.P. 37 because, upon his failure to cooperate in taking the test, he should have initially been ordered to cooperate. We do not agree.

The Colorado Rules of Civil Procedure do not apply in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute. C.R.C.P. 81(a); *see United States v. Bell,* 724 P.2d 631 (Colo.1986). In light of pertinent statutes, we conclude that C.R.C.P. 37 does not apply here.

The hearing officer is empowered by statute to make evidentiary rulings, and to permit discovery, and *"may* impose the sanctions provided in the rules of civil procedure ... for willful failure to comply with permitted discovery." Section 8–53–103(1)(c), C.R.S. (1986 Repl.Vol. 3B) and § 8–53–103(1)(e), C.R.S. (1987 Cum Supp.) (emphasis added). However, § 8–51–110(3), C.R.S. (1987 Cum.Supp.) provides for sanctions if a claimant "refuses to submit to such medical or ... vocational evaluation as is reasonably essential to promote his recovery...."

We agree with the Panel's resolution of this issue. Sanctions were neither requested nor imposed. Had sanctions been imposed here, they would properly have been imposed under the statutory authority granted the Panel and not C.R.C.P. 37. *Cf. Danielson v. Jones,* 698 P.2d 240 (Colo. 1985). Instead, the Panel, in the exercise of its statutory authority, drew inferences that claimant's dishonesty and attempt to impede the testing was indicative of a lack of disability. Such inferences are reasonable under the evidence and will not be disturbed on review. *See Michals v. Industrial Commission,* 40 Colo.App. 5, 568 P.2d 108 (1977).

The order is affirmed.

VAN CISE and STERNBERG, JJ., concur.