21CA0335 Wood v Colo Dept of Revenue 01-20-2022 COLORADO COURT OF APPEALS Court of Appeals No. 21CA0335 Jefferson County District Court No. 20CV75 Honorable Lily W. Oeffler, Judge John Joseph Dwane Wood, Plaintiff-Appellant, v. Colorado Department of Revenue, Motor Vehicles Division, Defendant-Appellee. JUDGMENT AFFIRMED Division I Opinion by JUDGE TAUBMAN* Dailey and Fox, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 20, 2022 John Joseph Dwane Wood, Pro Se Philip J. Weiser, Attorney General, Laurie Rottersman, Senior Assistant Attorney General, Torrey Samson, Assistant Attorney General, Denver, Colorado, for Defendant-Appellee *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2021. 
1 ¶ 1 John Joseph Dwane Wood appeals the district court’s judgment affirming the extension of his interlock restricted driver’s license by the Colorado Department of Revenue’s Division of Motor Vehicles (the Department). We affirm. I. Background ¶ 2 Wood’s driver’s license was revoked due to an alcohol-related conviction. When his driver’s license was reinstated, the Department required Wood to install an interlock device on his vehicle to test his breath alcohol content (BAC) in accordance with section 42-2-132.5(1)(a)(I), C.R.S. 2021. ¶ 3 Over the following months, the interlock device prevented the operation of Wood’s vehicle multiple times based on the level of his BAC (BAC fail). Due to those BAC fails, the Department extended Wood’s interlock restriction by one year under section 42-2-132.5(7)(d). ¶ 4 Wood requested an administrative hearing on the extension of the restriction. During that hearing, the Department introduced the interlock device’s records as evidence. Those records showed that Wood had eight BAC fails from September through December 2019 as follows: 
2 Date Time BAC Level September 8 6:24 p.m. 0.025 September 14 5:51 a.m. 0.026 5:52 a.m. 0.026 October 6 6:48 a.m. 0.061 6:50 a.m. 0.060 October 17 12:31 p.m. 0.036 October 24 7:30 a.m. 0.099 7:31 a.m. 0.040 October 31 7:41 a.m. 0.042 7:45 a.m. 0.042 November 2 10:05 a.m. 0.030 December 26 10:25 a.m. 0.043 10:27 a.m. 0.047 10:35 a.m. 0.047 10:36 a.m. 0.034 10:52 a.m. 0.036 10:54 a.m. 0.041 ¶ 5 After considering the interlock device’s records and Wood’s testimony, the hearing officer sustained the Department’s extension of the interlock restriction but reduced the extension from one year to eight months. The hearing officer concluded that Wood’s breath sample registered a BAC of 0.025 or above in at least three separate months within a twelve-month time period. In reaching that conclusion, the hearing officer made the following findings of fact: 
3 • Wood admitted the BAC fails on October 6 and December 26 but argued the other BAC fails were due to his use of hand sanitizer or other contaminants. • The BAC fails on September 14, October 6, October 31, November 2, and December 26 were supported by the evidence. In those BAC fails, Wood “waited hours to start the car or walked away until the next day.” • The remaining BAC fails were “clearly erratic readings” that had quickly dissipated. • There were aggravating factors based on the presence of BAC fails in more than three months under consideration, a BAC of 0.05 or greater, and three or more readings consistent with attempted drinking and driving. • That more than one year remained on the interlock device was a mitigating factor. • The aggravating factors outweighed the mitigating factor, warranting an eight-month extension of the interlock restriction. 
4 ¶ 6 Wood filed a complaint for judicial review of the hearing officer’s decision with the district court. As relevant to this appeal, he contended that (1) although he drank alcohol on the night before October 6 and December 26, he did not drink alcohol on the same day as those BAC fails; (2) he did not drink alcohol at all on the days of the other BAC fails; and (3) the other BAC fails were due to his consumption of spicy and highly seasoned foods and his use of hand sanitizer. In the brief in support of his complaint for judicial review, Wood reiterated those contentions. ¶ 7 The district court affirmed the hearing officer’s decision, concluding that • Wood’s primary argument was that the BAC fails were due to heavy use of hand sanitizer or the consumption of spicy or heavily-seasoned food, but he also argued that two of the BAC fails were due to consuming alcohol the night before; • for purposes of section 42-2-132.5(7)(d), “it is not relevant when someone drinks, only whether there is excessive [BAC] once someone attempts to operate their vehicle,” so Wood’s contention that he drank alcohol the 
5 night before the two BAC fails cannot justify overturning them; and • it was required to defer to the hearing officer as the trier of fact in resolving conflicts in the evidence and the weight to be given the evidence — in this case, whether the erratic BAC readings were due to contaminants. II. Argument Raised for the First Time on Appeal ¶ 8 Wood did not argue before the hearing officer that there was no way to know the age or accuracy of the interlock device he used since no agency regulations governed the maintenance and testing of interlock devices. Because Wood did not raise this argument before the hearing officer, he did not preserve it for our review, and we may not consider it. See Debalco Enters., Inc. v. Indus. Claim Appeals Off., 32 P.3d 621, 624 (Colo. App. 2001). III. Analysis ¶ 9 Wood argues that the district court erred by not considering his arguments that the results of an interlock device are affected by the use of alcohol-based products (like hand sanitizers, mouthwash, and cough and cold medicines) and certain foods and beverages. He reiterates his contentions that (1) he did not drink 
6 alcoholic beverages on October 6 and December 26 but only drank one glass of wine the night before; (2) he did not drink alcoholic beverages the night before or on September 8, September 14, October 17, October 24, October 31, and November 2; and (3) the BAC fails were caused by his use of hand sanitizer and eating certain foods. Wood also argues that his use of other alcohol-based products and his consumption of certain foods caused the BAC fails. ¶ 10 We discern no reason to set aside the hearing officer’s decision. A. Standard of Review ¶ 11 As relevant here, we may set aside the hearing officer’s decision only if it is (1) “[a]rbitrary or capricious” or (2) an “abuse or clearly unwarranted exercise of discretion”. § 24-4-106(7)(b)(I), (VI), (11)(e), C.R.S. 2021. A hearing officer’s decision is arbitrary and capricious if substantial evidence does not support the decision when reviewing the record as a whole. See Baldwin v. Huber, 223 P.3d 150, 152 (Colo. App. 2009). ¶ 12 “The credibility of witnesses, the weight to be given to the evidence, and the resolution of conflicting evidence are factual 
7 matters solely within the province of the hearing officer as the trier of fact.” Long v. Colo. Dep’t of Revenue, Motor Vehicle Div., 2012 COA 130, ¶ 7, 296 P.3d 329, 332 (Colo. App. 2012). If there is conflicting evidence, “the hearing officer’s finding is binding on appeal” and we “may not substitute [our] judgment for that of the fact finder.” Glasmann v. State, 719 P.2d 1096, 1097 (Colo. App. 1986). Moreover, if the person seeking review of the hearing officer’s decision fails to provide a copy of the hearing transcript for our review, we presume that the evidence supports the hearing officer’s findings. See Nova v. Indus. Claim Appeals Off., 754 P.2d 800, 801 (Colo. App. 1988). B. Applicable Law ¶ 13 If an interlock device’s records show that the device was “interrupted or prevented the normal operation of the vehicle due to excessive [BAC] in three of any twelve consecutive reporting periods,” the Department must extend the interlock restriction for an additional twelve months after the expiration of the existing interlock restriction. § 42-2-132.5(7)(d). ¶ 14 When the Department holds an evidentiary hearing on the extension of an interlock restriction, the hearing officer has the 
8 discretion to reduce the twelve-month extension. See Dep’t of Revenue, Div. of Motor Vehicles Rule 5.3(a), 1 Code Colo. Regs. 204-30. In such a case, the hearing officer must determine if “an Excessive BAC Event occurred in any three months within twelve consecutive Reporting Periods and, if so, shall determine an appropriate extension period for the Interlock-Restricted License not to exceed twelve months.” Id. C. Application ¶ 15 The hearing officer’s finding that there were BAC fails on September 14, October 6, October 31, November 2, and December 26 is supported by the interlock device’s records. Those records show that Wood’s vehicle was prevented from starting on those dates due to a BAC level of 0.025 or above. Specifically, Wood had BAC levels on those dates of 0.026, 0.061, 0.042, 0.030, and 0.047. Thus, the evidence shows that Wood had excessive BAC events in four of the twelve consecutive reporting periods. ¶ 16 We recognize that Wood disputes the validity of those BAC readings from his interlock device. However, Wood failed to designate the hearing transcript for our review. Indeed, he indicated in the notice of appeal that a transcript was not necessary 
9 to review the issues on appeal. Because we do not have a copy of the hearing transcript in the appellate record, we presume that the hearing officer’s findings of fact about the validity of the BAC readings were supported by substantial evidence in the record. See Nova, 754 P.2d at 801. The hearing officer found that those BAC fails were supported by the evidence. ¶ 17 Under these circumstances, we conclude that the hearing officer’s decision to sustain the extension of the interlock device restriction on Wood’s driver’s license was supported by substantial evidence in the record. Therefore, we may not set aside the hearing officer’s decision on review. IV. Conclusion ¶ 18 The judgment is affirmed. JUDGE DAILEY and JUDGE FOX concur.