24CA1676 Ukoba v ICAO 04-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1676
Industrial Claim Appeals Office of the State of Colorado
WC No. 5212684

Nwaka Sunday Ukoba,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Pinnacol
Assurance,

Respondents.

ORDER AFFIRMED

Division A
Opinion by JUDGE HAWTHORNE*
Román, C.J., and Berger*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 24, 2025

Nwaka Sunday Ukoba, Pro Se

No Appearance for Respondent Industrial Claim Appeals Office of the State of
Colorado

Alenka J. Han, Denver, Colorado for Respondent Pinnacol Assurance


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     In this worker's compensation action, Nwaka Ukoba seeks review of an order denying his requests for certain benefits and to reopen his claim.  We affirm.

## I.     Background

¶ 2     Ukoba worked for Liberty Oilfield Services (Liberty) as a frac equipment operator.  On January 25, 2022, he suffered a work injury when he slipped and fell on Liberty's property.  Ukoba's treating physician diagnosed strains/contusions of the neck, thorax, lower back, and left shoulder.  Imaging showed no acute injuries.  The physician cleared Ukoba for regular duty at his job.

¶ 3     Between January 2022 and May 2022, Ukoba continued working full duty with no restrictions.  According to his physicians, radiographic images of his spine, left shoulder, and left elbow showed no acute injury.  They did, however, show degenerative issues, including degenerative disc disease in his spine and osteoarthritis in his elbow.  His prescribed medical treatments included chiropractic manipulations, physical therapy, trigger point injections, and massage therapy.

¶ 4     Ukoba travelled abroad at the end of May 2022, into June 2022.  Upon returning, he reported increased pain.  Radiographic

images of his spine showed degenerative disc disease and disc bulging. His physician prescribed work restrictions, and Ukoba worked on modified duty through early October 2022. During this time, his prescribed medical treatments included massage therapy, trigger point injections, and epidural steroid injections.

¶ 5 In October 2022, Ukoba's then-treating physician, Dr. Tentori, concluded that no physiological basis supported ongoing restrictions, and he cleared Ukoba for full work duty. On reviewing Ukoba's medical records, as well as surveillance footage from the previous month purportedly showing Ukoba performing strenuous activities without apparent pain, Dr. Tentori further determined that Ukoba had reached maximum medical improvement (MMI) as of May 24, 2022 — the day before he travelled abroad. Dr. Tentori specifically noted Ukoba's pre-existing chronic neck and back pain and opined that the ongoing symptoms he experienced likely derived from his pre-existing conditions. Dr. Tentori found no ratable impairment related to the work accident, and he closed Ukoba's worker's compensation claim.

¶ 6 About one year later, Ukoba underwent a division-sponsored independent medical exam (DIME) with Dr. Ranee Shanoi. Dr.

Shanoi noted that Ukoba appeared more constricted in his physical abilities when she physically examined him than when they discussed his history. Like Dr. Tentori, Dr. Shanoi remarked that Ukoba's records revealed pre-existing chronic neck and back pain, as well as pre-existing cervical, thoracic, and lumbar spondylosis. She also noted that Ukoba "was not forthcoming" when asked about his pre-existing conditions.

¶ 7 Dr. Shanoi concluded that Ukoba's ongoing complaints "point[ed] to chronic pain syndrome within a reasonable degree of medical probability," not an acute work-related injury. In reaching her conclusion, Dr. Shanoi noted that none of the treatments administered, with an eye toward resolving any acute injury, provided subjective relief. She pointed out that widespread chronic pain complaints, like Ukoba's, are not ratable under the American Medical Association Guides to Permanent Impairment and thus concluded she could not assign an impairment rating. Dr. Shanoi agreed with Dr. Tentori that Ukoba reached MMI on May 24, 2022.

¶ 8 At Ukoba's request, an administrative law judge ("ALJ") held a hearing to review whether (1) Dr. Shanoi erred in placing Ukoba at MMI effective May 24, 2022; (2) Ukoba was entitled to ongoing

medical maintenance care post-MMI; (3) Ukoba was entitled to temporary disability benefits; and to determine (4) the amount of Ukoba's weekly wage. The ALJ found that Ukoba failed to meet his burden of proving, by clear and convincing evidence, that Dr. Shanoi erred in her MMI determination, and that Ukoba similarly failed to meet his burden of demonstrating entitlement to medical maintenance care or temporary disability benefits. Because Ukoba failed to demonstrate entitlement to benefits, the ALJ did not determine his weekly wage amount. The Industrial Claim Appeals Office ("Panel") affirmed the ALJ's order.

## II. Discussion

¶ 9 Ukoba argues that the ALJ erred in finding (and the Panel erred in affirming) that he failed to overcome Dr. Shanoi's opinion regarding MMI and to prove entitlement to ongoing medical maintenance and temporary disability benefits.

### A. Standard of Review

¶ 10 Under section 8-43-308, C.R.S. 2024, we may not disturb factual findings "supported by substantial evidence" and may only set aside the Panel's decision if (1) the factual findings are not sufficient to permit appellate review; (2) conflicts in the evidence are

not resolved in the record; (3) the factual findings do not support the order; or (4) the award or denial of benefits is not supported by applicable law.

### B.     Analysis

#### 1.     Dr. Shanoi's MMI Determination

¶ 11     A DIME physician's MMI determination is binding unless overcome by clear and convincing evidence.  § 8-42-107(8)(b)(III), C.R.S. 2024; *Meza v. Indus. Claim Appeals Off.*, 2013 COA 71, ¶ 15. "In contrast to the preponderance of evidence standard — which only requires proof that a fact is more probable than not . . . — the clear and convincing standard requires proof that a fact is highly probable and free from serious or substantial doubt." *Creekside Endodontics, LLC v. Sullivan*, 2022 COA 145, ¶ 36 (internal citations omitted).  Whether the DIME physician's MMI determination has been overcome by clear and convincing evidence is an factual issue for the ALJ to determine.  *Wackenhut Corp. v. Indus. Claim Appeals Off.*, 17 P.3d 202, 204 (Colo. App. 2000).

¶ 12     First, Ukoba seemingly challenges both Dr. Tentori's and Dr. Shanoi's conclusions that he reached MMI on May 24, 2022, arguing those determinations are invalid because neither physician

evaluated him in person before or on that date.[1]  Inasmuch as Ukoba challenges the physicians' methodology as a matter of law, we are aware of no legal authority requiring that either the treating physician (Dr. Tentori) or the DIME physician (Dr. Shanoi) examine the claimant on or before the date on which they conclude MMI occurred.  Nor does Ukoba direct us to any such authority or provide any analysis supporting his position.  And, to the extent that Ukoba raises a factual challenge to the physicians' MMI conclusions, he points to no evidence showing that either physician's MMI determination was incorrect solely for their failure to examine him on or before May 24, 2022.  Perceiving no obvious basis for Ukoba's argument and lacking any authority or analysis to guide our review, we decline to consider it further.  *See Vallagio at Inverness Residential Condo. Ass'n, Inc. v. Metro. Homes, Inc.*, 2017

---

[1] As the DIME physician, Dr. Shanoi's MMI determination is entitled to greater deference than Dr. Tentori's.  *See Colo. AFL-CIO v. Donlon*, 914 P.2d 396, 402 (Colo. App. 1995).  But to the extent Ukoba argues that Dr. Shanoi's opinion is invalid because it is based, in part, on reviewing Dr. Tentori's MMI conclusion and rationale, we address Ukoba's challenge to both physicians' MMI determinations.

CO 69, ¶¶ 39-40 (the court will not consider conclusory propositions devoid of legal citations or analysis).

¶ 13    Ukoba next argues that his radiographic imaging records from January, March, May, and July 2022, invalidate an MMI date of May 24, 2022. According to him, those images show his condition worsening. He also argues that distinctions in the images taken through May 2022 show his condition worsened before he travelled abroad. But he fails to explain the basis for his conclusions. As the ALJ remarked, after considering and summarizing all radiographic imaging records in Ukoba's file, Dr. Shanoi specifically "noted the absence of radiographic evidence of an injury." Moreover, because Ukoba failed to designate the hearing transcript, we presume the evidence supports the ALJ's conclusion that Ukoba failed to meet his burden to overcome Dr. Shanoi's MMI determination. *See* § 8-43-301(2)(b), C.R.S. 2024 (requiring the appellant to order a hearing transcript in connection with an appeal); *Nova v. Indus. Claim Appeals Off.*, 754 P.2d 800, 801 (Colo. App. 1988).

¶ 14    Similarly, Ukoba suggests, without explanation, that the activity restrictions he received after his return from abroad

7

necessarily invalidate an MMI date of May 24, 2022. Both Drs. Shanoi and Tentori acknowledged that Ukoba received restrictions in July 2022. Dr. Tentori lifted those restrictions in October 2022, after determining that any complaints extending beyond May 24, 2022, likely derived from pre-existing chronic conditions. Again, because Ukoba did not provide the hearing transcript, we cannot (nor could the Panel) review the evidence he presented regarding activity restrictions, and we must presume that the evidence supports the ALJ's decision. *See* § 8-43-301(2)(b); *Nova*, 754 P.2d at 801.

## 2. Other Contentions

¶ 15    Temporary disability benefits compensate an injured worker for wage loss while he recovers from a work-related injury. *Pace Membership Warehouse v. Axelson*, 938 P.2d 504, 508 (Colo. 1997). Ukoba argues he should have received such wage compensation for work missed after May 24, 2022. However, because Ukoba failed to overcome Dr. Shanoi's determination that MMI occurred on May 24, 2022, his argument cannot succeed, as the Colorado Worker's Compensation Act only contemplates wage recovery for claimants through the date of MMI. § 8-42-105(3)(a), C.R.S. 2024.

8

¶ 16    To the extent Ukoba argues that he is entitled to ongoing medical maintenance, this argument also fails. Obtaining an award of medical maintenance benefits requires the claimant to demonstrate, by a preponderance of the evidence, that medical treatment is reasonably necessary to relieve work injury symptoms. *Grover v. Indus. Comm'n*, 759 P.2d 705, 710 (Colo. 1988). The ALJ found that Ukoba's treatment records showed his complaints persisted despite all treatment modalities administered and that Ukoba put forth no persuasive evidence demonstrating that additional treatment would benefit him in regard to his work injury.

¶ 17    Finally, Ukoba points out that the ALJ wrongly described Ukoba's trip abroad as lasting a full month, when, in fact, it lasted only two weeks. Assuming, without deciding, that Ukoba is correct, we conclude the error was harmless. C.A.R. 35(c) ("The appellate court may disregard any error or defect not affecting the substantial rights of the parties.")

### III.    Disposition

¶ 18    The Panel's order is affirmed.

CHIEF JUDGE ROMÁN and JUDGE BERGER concur.

9