25CA0148 Ahmadi v ICAO 06-05-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0148
Industrial Claim Appeals Office of the State of Colorado
WC No. 5-266-382

---

Hadi Ahmadi,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado, Swissport USA Inc.,
d/b/a Swissport Cargo Services,

Respondents,

and Arch Indemnity Insurance c/o Gallagher Basset Serv,

Insurer/Respondent.

---

ORDER AFFIRMED

Division IV
Opinion by JUDGE MEIRINK
Freyre and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 5, 2025

---

Hadi Ahmadi, Pro Se

No Appearance for Respondent Industrial Claim Appeals Office

Ritsema Law, Sarah A. Berringer, Fort Collins, Colorado, for Respondent
Swissport USA Inc., and Insurer/Respondent Arch Indemnity Insurance

¶ 1     In this workers' compensation case, Hadi Ahmadi appeals an order denying his claim for certain benefits.  We affirm.

## I.     Background

¶ 2     Swissport USA, Inc. owned a warehouse where it employed Ahmadi to move boxes.[1]  In February 2024, Ahmadi experienced lower back pain.  He sought treatment at Denver Health, where he received a diagnosis of acute midline back pain with left-sided sciatica.  Denver Health physicians provided Ahmadi with a note stating that he could return to work later in the month.  On or around March 14, 2024, Employer completed a form alerting the Division of Worker's Compensation that Ahmadi reported his back pain as a work-related injury.

¶ 3     A few days later, Ahmadi saw authorized treating physician Dr. Cynthia Rubio for his back pain.  She diagnosed him with a muscle strain and referred him to physical therapy.  In April 2024, Ahmadi underwent a lumbar spine MRI.  Interpreting the radiology report, Dr. Rubio noted the imaging showed chronic lumbar issues,

---

[1] We reference Swissport USA, Inc., together with its insurer, Arch Indemnity Insurance, collectively, as "Employer."

but no acute, work-related injury. Dr. Rubio closed Ahmadi's workers' compensation case and discharged him from care.

¶ 4    At Ahmadi's request, an administrative law judge (ALJ) held an evidentiary hearing on Ahmadi's claim, after which the ALJ concluded that Ahmadi had failed to prove he suffered a work-related injury. Accordingly, the ALJ denied Ahmadi's claim, holding that Ahmadi's injury was not compensable under the Colorado's Workers' Compensation Act (Act). The Industrial Claim Appeals Office (Panel) affirmed the ALJ's decision.

## II.    Standard of Review and Legal Principles

¶ 5    Under the Act, an employee is entitled to compensation for an "injury or death . . . proximately caused by an injury or occupational disease arising out of and in the course of the employee's employment." § 8-41-301(1)(c), C.R.S. 2024. "[I]n the course of" references the time, place, and circumstances under which a work-related injury occurs. *Popovich v. Irlando*, 811 P.2d 379, 381 (Colo. 1991). Thus, an injury occurs "in the course of" employment when it takes place within the time and place limits of the employment relationship and during an activity connected with the employee's job-related functions. *Horodyskyj v. Karanian*, 32

P.3d 470, 475 (Colo. 2001). "[A]rising out of" references the injury's origin or cause. *Id.* There must be a causal connection between the injury and the work conditions for the injury to arise out of employment. *Id.* An injury "arises out of" employment when it has its origin in an employee's work-related functions and is sufficiently related to those functions to be considered part of the employee's employment contract. *Id.*

¶ 6 Under section 8-43-308, C.R.S. 2024, we may not disturb factual findings "supported by substantial evidence" and may only set aside the Panel's decision if (1) the factual findings are not sufficient to permit appellate review; (2) conflicts in the evidence are not resolved in the record; (3) the factual findings do not support the order; or (4) the award or denial of benefits is not supported by applicable law.

¶ 7 Substantial evidence is "probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a particular finding, without regard to the existence of contradictory testimony or contrary inferences." *Rathburn v. Indus. Comm'n,* 566 P.2d 372, 373 (Colo. App. 1977). Assessing the weight, credibility, and sufficiency of such evidence is

the ALJ's exclusive domain, and findings based on conflicting evidence are conclusive on review. *Delta Drywall v. Indus. Claim Appeals Off.*, 868 P.2d 1155, 1157 (Colo. App. 1993).

¶ 8 Lastly, we note that, because Ahmadi represents himself, we construe his arguments liberally, giving effect to their substance rather than their form. *People v. Bergerud*, 223 P.3d 686, 696-97 (Colo. 2010).

### III. Analysis

### A. Work-Related Injury

¶ 9 Ahmadi argues the ALJ erred in "concluding that [his injury] did not arise out of and in the course of employment," because Ahmadi presented unidentified "medical evidence and testimony demonstrat[ing]" to the contrary. However, because Ahmadi did not designate a transcript of the hearing, we presume the evidence presented at the hearing supports the ALJ's conclusion that Ahmadi did not meet his burden of demonstrating a work-related injury. *See* § 8-43-301(2)(b), C.R.S. 2024 (requiring the appellant to order a hearing transcript in connection with an appeal); *Nova v. Indus. Claim Appeals Off.*, 754 P.2d 800, 801 (Colo. App. 1988).

¶ 10    Regardless, even without the transcript, unrebutted substantial evidence in the record supports the ALJ's finding. Specifically, Dr. Rubio's reports expressly state her medical opinion that Ahmadi suffered no work-related injury, and the ALJ found Dr. Rubio's opinions "credible and persuasive." Like the Panel, we may only disturb such determinations in "the extreme circumstance where the evidence credited is so overwhelmingly rebutted by hard, certain evidence that the ALJ would err as a matter of law in crediting it." *Hutchison v. Indus. Claim Appeals Off.*, 2017 COA 79, ¶ 30. This case, however, presents no such extreme scenario. Ahmadi does not identify — and we do not discern — any such evidence in the record overwhelmingly rebutting Dr. Rubio's opinion, and, without a transcript, we must presume no such evidence was presented at the hearing or credited by the ALJ. *See id.*; *Nova*, 754 P.2d at 801.

## B.    Conflicting Evidence

¶ 11    Next, Ahmadi argues that he "report[ed] his injury . . . to supervisors and H[uman] R[esources] . . . on February 6, 2024," but the ALJ erroneously credited Employer's "contradictory testimony." Specifically, the ALJ found that Ahmadi "reported to Employer that

he believed that he had injured his back at work . . . [o]n or about March 14, 2024." We perceive no error.

¶ 12    So long as substantial evidence supports an ALJ's finding, we must uphold it, "regardless of the existence of evidence which may have supported a contrary result." *Sullivan v. Indus. Claim Appeals Off.*, 796 P.2d 31, 32 (Colo. App. 1990). And, as noted above, without the benefit of a hearing transcript, we must presume that substantial evidence supported the ALJ's finding. *Nova*, 754 P.2d at 801. In any event, substantial evidence in other parts of the appellate record supports the ALJ's finding.

¶ 13    In his responses to Employer's interrogatories, Ahmadi stated that, though he experienced debilitating pain on February 6, 2024, and reported that pain to "the supervisors and the manager," he specifically noted that, at that time, he "thought it wasn't important, and that [his] back pain would go away in a couple days." Ahmadi did not state that he told his supervisors and manager at that time that he thought work caused the pain. In fact, Ahmadi went on to explain that he did not file a "complaint" with worker's compensation until "almost a month" later.

¶ 14 Additionally, the record includes a copy of the Division's "First Report of Injury" form Employer completed. That form notes that the injury occurred on February 6, 2024, but the form itself is dated March 14, 2024. The ALJ could have reasonably inferred from the foregoing substantial evidence that Ahmadi first reported a work-related injury on March 14, 2024. Accordingly, we do not disturb this finding. *See Tilley v. Indus. Claim Appeals Off.*, 924 P.2d 1173, 1177 (Colo. App. 1996).

### C. Ahmadi's Self-Representation

¶ 15 Ahmadi also argues that the ALJ failed to adequately account for — and assist him in meeting — the (unspecified) challenges of representing himself at the hearing.

¶ 16 ALJs presiding over cases arising under the Act are subject to Colorado's Code of Judicial Conduct. § 8-43-201(1), C.R.S. 2024 (granting original jurisdiction to hear and decide workers' compensation cases to ALJs employed by Colorado's Office of Administrative Courts); § 24-30-1003(4)(a), C.R.S. 2024 (noting that ALJs employed by Colorado's Office of Administrative Courts are subject to Colorado's Judicial Code of Conduct). That Code requires that ALJs conduct hearings "fairly and impartially." Colo.

7

Code of Judicial Conduct, Rule 2.2. Subject to these parameters, ALJs may "make reasonable accommodations to ensure pro se litigants the opportunity to have their matters fairly heard." *Id.* at cmt. 4. Such accommodations may include, among others, "providing brief information about the proceeding and evidentiary and foundational requirements; modifying the traditional order of taking evidence; [and] attempting to make legal concepts understandable. . . ." Colo. Code of Judicial Conduct, Rule 2.6, cmt. 2.

¶ 17    We note that Ahmadi does not point out — nor do we discern in the foregoing — a *requirement* that an ALJ make accommodations for a pro se litigant. Nor does Ahmadi identify any specific accommodation he believes the ALJ failed to provide here. *See Middlemist v. BDO Siedman, LLP*, 958 P.2d 486, 495 (Colo. App. 1997) (noting the appellant's obligation to identify specific errors and legal authorities supporting reversal). Perceiving no legal or factual basis for reversal, and lacking any guidance from Ahmadi, we decline to further consider this argument. *See People v. Wallin*, 167 P.3d 183, 187 (Colo. App. 2007) (declining to address perfunctory, conclusory arguments).

### D. Dr. Rubio's Failure to Engage a Translator

¶ 18 Lastly, Ahmadi contends that the ALJ erred in relying on Dr. Rubio's report because Dr. Rubio's "refus[al] to engage a translator . . . led to a flawed assessment of [Ahmadi's] condition." This argument fares no better, because Ahmadi does not identify any specific error in Dr. Rubio's report resulting from a language barrier. *See Middlemist*, 958 P.2d at 495. We cannot invent arguments on Ahmadi's behalf, nor can we speculate as to what his argument might be. *See Gravina Siding & Windows Co. v. Gravina*, 2022 COA 50, ¶ 71. Without more direction from Ahmadi, we decline to consider this argument.

### IV. Disposition

¶ 19 The Panel's order is affirmed.

JUDGE FREYRE and JUDGE GOMEZ concur.